FILED
April 05, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002535439

JEFFREY S. OGILVIE
Attorney at Law
California State Bar #160168
1330 West Street
Redding, CA 96001
(530) 241-1100 Fax (530) 241-6553

Attorney for Debtors: EDWARD FRANCES SWAYZE & TAMMY RAYE SWAYZE

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

-o0o-

In re

EDWARD FRANCES SWAYZE &
TAMMY RAYE SWAYZE

Debtors.

CASE NO.: 10-27686

D.C. NO.: JSO-001

DATE: May 10, 2010
TIME: 9:00 A.M.
CTRM: 28, 7th Floor
JUDGE: MC MANUS

**MOTION TO COMPEL CHAPTER 7 TRUSTEE TO ABANDON BUSINESS**

Debtors hereby move this court for an order compelling the Chapter 7 Trustee to abandon debtor's business, commonly know as CUSTOMER TALK.

The basis of this motion is that the business, per se, is of nominal or no value, and it is counter to the interests of the bankruptcy estate to be burdened with the potential liability associated with the continued operation of the business during the bankruptcy period. As shown on debtor's petition and schedules, tools of trade and equipment, including 2 desks, 3 computers, 3 file cabinets, 2 printers, 1 four color silk screen carouse, 1 vinyl plotter, 4 work benches, 3 metal shelves, 1 exposure unit, 1 washout sink, 1 heat press, and the Plumas Bank business checking account ending in 9695, are of modest value, and have been fully exempted. The conduct of the business by the debtor merely provides for debtor's "wages", and the ability of debtor to continue to earn a living in this manner is wholly consistent with the concept of providing the debtor with a fresh start. As shown in debtor's petition and schedules, the relief requested would not impede creditor's rights and would enable the

1  Chapter 7 Trustee to satisfy concerns as to potential liability.
2
3  DATED: 3-31-10                          _____
4                                          JEFFREY S. OGILVIE
                                           Attorney for Debtor s
5